114 N.J. Super. 495 (1971)
277 A.2d 400
ROBERT L. CLIFFORD, COMMISSIONER OF INSURANCE OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CONCORD INSURANCE COMPANY, A NEW JERSEY INSURANCE CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 19, 1971.
Decided April 28, 1971.
Before Judges SULLIVAN, COLLESTER and LABRECQUE.
*496 Mr. William J. O'Shaughnessy argued the cause for appellant (Messrs. Clapp & Eisenberg, attorneys).
Mr. Theodore A. Winard, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the Court was delivered by SULLIVAN, P.J.A.D.
This appeal involves a proposal to partially rehabilitate the Concord Insurance Company which has been previously deemed to be insolvent and is about to be liquidated under the supervision and control of the Commissioner of Insurance. N.J.S.A. 17:30-1 et seq. The proponents of the proposal are the present stockholders of Concord.
In substance, the proposal, which was originally submitted on December 17, 1970 and amended on January 14, 1971, provides that a new insurance company will be organized, having paid in capital and surplus of $1,226,591.50. The new company will take over all of Concord's outstanding policies in force and will also assume selected claims and contingent liabilities of Concord aggregating $1,553,183, and have transferred to it selected assets of Concord valued at $776,591.60. (Apparently, no asset value is placed on Concord's going business.) The assets to be received are one-half the amount of claims being assumed. The Commissioner has estimated that on liquidation, general creditors of Concord will receive approximately 50 cents on the dollar. Proponents say that by using the same ratio of assets to liabilities no undue preference to the new company will result, nor will the remaining creditors of Concord be prejudiced. Finally, the proposal contemplates that an additional $100,000 be put in escrow "to assure further payment to the Concord in the event that the liquidating value is less than fifty cents on the dollar." Under the proposal, third-party (liability) claims pending against Concord, estimated to *497 amount to three to five million dollars, will not be assumed by the new company but will have to be paid, to the extent of policy coverage, out of the Motor Vehicle Liability Security Fund pursuant to the provisions of N.J.S.A. 39:6-92 et seq. This Fund is made up by pro rata assessments against automobile liability insurance companies doing business in New Jersey. The purpose of the Fund is to provide for automobile accident liability claims which remain unpaid because of the insolvency of the tortfeasor's motor vehicle insurance carrier.
The Commissioner, on the advice of the Attorney General, ultimately rejected the proposal on the ground that the Fund's resources could not be used as a means "for, in effect, the reorganization and rehabilitation of Concord."
Proponents then applied to the trial court to review the Commissioner's position.
The motion sought a ruling authorizing the Commissioner to proceed with a plan for partial liquidation and partial reorganization in accordance with the concept of the proposal. The trial court denied the application not on the strict ground relied on by the Commissioner but rather because the Commissioner had no statutory power "to scale down claims, fail to provide for any claim or group of claims or otherwise do anything short of full liquidation, except to approve of a rehabilitation plan which will provide for payment of all claims in full or in a percentage to which all claimants have agreed."
We agree with the result reached by the Commissioner and the trial court. We hold that Fund assets may not be used in connection with the partial rehabilitation of an insolvent insurance company under a plan of reorganization which does not provide for full reimbursement to the Fund. According to present estimates, under the proposed reorganization, whatever the Fund is called upon to pay in third-party claims could only be recouped to the extent of 50% from the liquidation of the remaining Concord assets. The depletion in the Fund resulting from the payment of third-party claims *498 would then have to be replenished by contributions from other, solvent, insurance companies.
Proponents argue that the Fund is no worse off under the proposal, since if complete liquidation were to be had, the Fund would also have to pay the same amount of third-party claims and would recoup approximately the same 50%. However, it is one thing to call upon insurance companies doing business in New Jersey to contribute to a fund for the payment of claims against one of their insolvent brethren, but quite another to require these insurance companies in effect to contribute towards the partial financing of a new insurance company. In short, while the statutory plan empowers the Commissioner to approve the partial rehabilitation of an insolvent insurance carrier, any plan of rehabilitation which does not provide for reimbursement in full to the Fund of the amount of all claims paid by it on behalf of the insolvent company is not cognizable.
Beyond this, the proposal would restrict the Fund's right of subrogation to Concord's remaining assets, which it has been estimated on liquidation will yield 50 cents on the dollar to creditors. However, other claimants and creditors of Concord whose claims are proposed to be assumed by the new company will be paid in full. Manifestly, the proposal discriminates against the Fund by preferring these other creditors. We also note that the proposal contemplates the taking over of all of Concord's policies in force. Whatever asset value this going business has would redound to the benefit of the proposed new company's creditors (and stock-holders) to the exclusion of Concord's other creditors, including the Fund.
Affirmed.